**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGGORY WADE OLIVER,

Petitioner-Appellant,

v.

JOE ORTIZ, Colorado Department of
Corrections; JOHN SUTHERS,
Attorney General, State of Colorado,

Respondents-Appellees.

No. 04-1548

District of Colorado

(D.C. No. 04-Z-2098)

**ORDER** *

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

Greggory Wade Oliver, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's order denying his

habeas corpus petition under 28 U.S.C. § 2241. Because we conclude that Mr.

Oliver has failed to make a substantial showing of the denial of a constitutional

right, we deny his request for a COA and DISMISS the appeal.

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## Factual and Procedural Background

Mr. Oliver was convicted of aggravated robbery in 1989 and sentenced to eight years in prison. He was ordered to pay $10,846.65 to the victim of the robbery and $700.00 to a Victim Compensation Fund, although he concedes that restitution was never collected. In July 1993, Mr. Oliver was paroled and in July 1994, he was convicted of another crime and sentenced to twenty years in prison, to run consecutively with his 1989 sentence.

In 2000, the Colorado Legislature passed C.R.S.A. § 16-18.5-106, granting the executive director of the Department of Corrections the authority to apply a portion of the deposits into an inmate's bank account to any outstanding restitution balance existing before, on, or after September 1, 2001. The statute requires the director to deduct at least 20% of deposits. Subsequently, 20% of all deposits into Mr. Oliver's account were deducted and applied toward the restitution ordered in his 1989 conviction.

Mr. Oliver challenged the deductions from his inmate account in 2000 and 2003 in motions to the trial court, which were dismissed, and through an original petition for a writ of mandamus to the Colorado Supreme Court, which was denied in September 2003. On October 12, 2004, Mr. Oliver filed a 28 U.S.C. § 2241 motion in federal district court making the same claims. The district court denied his petition and dismissed the action as barred by the one-year statute of

limitations and failure to exhaust state remedies.  It also denied his motion for a COA and to proceed in forma pauperis under 28 U.S.C. § 1915.  Mr. Oliver appeals.

**Standard of Review**

Because Mr. Oliver filed his § 2241 petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), his petition is subject to its provisions.  *See McGregor v. Gibson*, 248 F.3d 946, 951 (10th Cir. 2001). Under AEDPA, a state prisoner bringing a § 2241 habeas corpus claim must obtain a COA before appealing the district court's denial of his petition.         *See Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);      *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The district court denied Mr. Oliver's petition on procedural grounds without reaching the constitutional claims, and accordingly, he is entitled to a COA only if he "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."     *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Mr. Oliver has not made this showing.

**Discussion**

First, the district court's denial of Mr. Oliver's claims due to the running of the one-year statute of limitations is not fairly debatable. Under AEDPA, "applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one year period of limitations." *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). The period of limitations runs from the latest of four specific dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable in cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In Mr. Oliver's case, the statute of limitations began running, at the latest, when the factual basis of his claim could have been discovered by due diligence. According to Mr. Oliver, 20% deductions from deposits in his prison account began on September 1, 2000. He filed his first motion in the state trial court on October 18, 2000. On October 26, 2000, the state court declined to enter the requested order, noting that the motion did not

-4-

include a certificate of mailing or an indication that the state had been properly served. Mr. Oliver did not pursue any other court proceedings until June 2003. Thus, the one year statute of limitations, which began in either September or October 2000 ran long before Mr. Oliver filed his § 2241 habeas corpus petition on October 12, 2004.

As the district court noted, the one year limitation in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary circumstances. "[E]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Simple excusable neglect is not sufficient." *Id*. Mr. Oliver has made no showing of such extraordinary circumstances. He points out that from October 2000 to June 2003, he attempted to pursue his claims internally and encountered "essentially 2 ½ years of fruitless letter writing and dead-end conversations" before petitioning for a writ of mandamus. Appellant's Br. 3(j). This is not an uncontrollable circumstance that prevented Mr. Oliver from timely filing, nor does it indicate that he was actively pursuing judicial remedies. Thus, equitable tolling is not appropriate.

Likewise, whether Mr. Oliver failed to exhaust state remedies before filing a federal habeas petition is not reasonably debatable. Under the exhaustion doctrine, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is achieved when a state prisoner gives "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *Id*. at 845. The applicant bears the burden of showing exhaustion. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

Mr. Oliver raised this claim three times, filing two motions in trial court between 2000 and 2003 and an original petition for a writ of mandamus in the Colorado Supreme Court, all of which were dismissed. Mr. Oliver did not give the state courts a full opportunity to resolve the issues of his case because he never appealed the trial court's dismissals, and his petition for mandamus by-passed, rather than exhausted, the state's appellate review process. Thus, reasonable jurists could not debate whether Mr. Oliver exhausted the state's appellate review process; it is apparent that he did not.

Accordingly, we DENY Mr. Oliver's request for a COA and DISMISS this appeal. The motion to proceed in forma pauperis is also DENIED. Mr. Oliver's

other motions are DENIED as moot.

Entered for the Court,

PATRICK FISHER, Clerk of Court